United States District Court
District of Connecticut
FILED AT     BRIDGEPORT

October 15, 2003

Kevin F. Rowe, Clerk

By_____
Deputy Clerk

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAKKARA BOGLE-ASSEGAI | : | CIVIL ACTION NO. |
|     *PLAINTIFF*, | : | 3:01CV2366 (JCH) |
| | : | |
|      v. | : | |
| | : | |
| LISA MARIE BIGELOW, *In Her Individual Capacity,* | : | |
|     *DEFENDANT.* | : | |
| | : | |
| SAKKARA BOGLE-ASSEGAI BY NEXT | : | CIVIL ACTION NO. |
| FRIEND FEMI BOGLE ASSEGAI | : | 3:01CV 2367 (JCH) |
| | : | |
|     Plaintiff, | : | |
| v. | : | |
| | : | |
| CAPITOL REGION EDUCATION | : | |
| COUNCIL AND MARK D. O'DONNELL | : | |
| IN HIS INDIVIDUAL AND OFFICIAL | : | |
| CAPACITY | : | |
| | : | |
|     Defendants. | : | OCTOBER 15, 2003 |

## MEMORANDUM OF LAW IN
## SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the defendants Capitol

Region Education Council and Mark O'Donnell submit this memorandum in support of their

motion for summary judgment on all counts of the Amended Complaint dated February 13,

2002 ("Complaint"). The defendants further adopt the Statement of undisputed facts and

exhibits submitted by Lisa Marie Bigelow and rely on this information in support of this

motion.  In addition, the defendants adopt all of the materials submitted by the defendant Lisa

Marie Bigelow in support of her motion for summary judgment as if fully set forth herein. [1]

## I.    INTRODUCTION

This action arises from the dismissal of a fourteen year old girl from a free 19 day

summer program developed by CREC and offered at the CCSU during the summer of 1999.

This summer program permitted high school students to attend classes taught by college

professors to obtain some exposure to college life. The plaintiff's mother filed this action

while the plaintiff was a minor.  The parent claimed that by failing to override the dismissal

and reinstate the plaintiff into a program as modified in accordance with her demands, the

defendants violated her First Amendment free speech right in violation of 42 U.S.C. §1983

(First Claim for Relief), violated her right to due process under the federal and state

constitutions (Second Claim for Relief), engaged in an unlawful conspiracy (Third Claim for

Relief) violated Sec. 46a-75 of the General Statutes of Connecticut by retaliating against her

for opposing the discriminatory conduct of several white male students and denying her

continued participation in a summer program (Fourth Claim for Relief), and for intentionally

inflicting emotional distress upon her (Fifth Claim for Relief).  When the plaintiff turned 18

years of age this year she became the actual plaintiff in this case.

---

[1]The defendants adopt the statement of undisputed facts submitted by Lisa Marie Bigelow as
their own and they are designated herein as UF.

2

The defendants deny each and every aspect of the plaintiff's claims for relief.  CREC is immune from suit on all of the counts as alleged. Any claims against Dr. O'Donnell in his official capacity must be dismissed for the same reason.  The plaintiff also has failed to produce sufficient admissible evidence from which a reasonable jury could conclude that she could establish the essential elements of her claims against Dr. O'Donnell in his individual capacity.   Hence, the defendants are entitled to summary judgment in their favor on each count of the Complaint.

## II.    BACK GROUND AND NATURE OF THE PROCEEDING

This case was originally filed on or about December 19, 2001 and assigned Civil Action No. 3:01CV 2367(JCH).  A separate action raising the same allegations was filed against the Central Connecticut State University and Lisa Marie Bigelow, Civil Action No. 3:01CV-2366(JCH).  This court entered a ruling in that case on a Motion to Dismiss that resulted in the dismissal of the claims against Central Connecticut State University and Lisa Marie Bigelow in her official capacity.  The plaintiff filed an amended complaint in both actions on February 13, 2002, which remains the operative complaint against CREC and Mark O'Donnell.  These defendants filed an answer and affirmative defenses on or about March 25, 2002.  The complaint in the action against CCSU and Lisa Marie Bigelow ultimately was amended in accordance with the court's ruling and CCSU was removed as a

3

defendant.  The sole remaining claims are against Lisa Marie Bigelow in her individual

capacity.

    The defendant Lisa Marie Bigelow has filed an extensive Motion for Summary

Judgment, Memorandum In Support of Motion for Summary Judgment and Local Rule 56(a)1

Statement of Undisputed Facts and Supporting Affidavits and Exhibits on October 10, 2003.

The defendants CREC and Dr. Mark O'Donnell have reviewed those extensive filings and to

avoid unnecessary repetition and duplication do hereby join in and adopt those pleadings as if

set forth on behalf of CREC and Dr. O'Donnell.  Hence, CREC and Dr. O'Donnell will limit

their discussion in this memorandum to legal or factual argument specific to the claims made

against them in Civil Action No. 3:01 CV 2367(JCH).

    The background of this matter is fully set forth in the Memorandum of Law and

supporting exhibits filed by the defendant Lisa Marie Bigelow.  The defendants CREC and

Mark O'Donnell agree with that factual statement for purposes of this motion for summary

judgment and therefore will not repeat it herein except as to provide a context for arguments

that are particular to the claims made against these two defendants. However, by adopting

this factual statement, the defendants are not agreeing that proof of every fact contained

therein is material to the disposition of the summary judgment motion filed by CREC and Dr.

O'Donnell.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## III.    STANDARD FOR SUMMARY JUDGMENT

Under Fed. R. Civ. Proc. 56(c), summary judgment is appropriate when, after examining the evidence in the light most favorable to the nonmoving party (here the plaintiff), the record shows that no genuine issue exists as to any material fact <u>and</u> that the moving party (here the defendant) is entitled to judgment as a matter of law.    <u>Steel Partners II, L.P. v. Bell Indus., Inc.</u>, 315 F.3d 120, 123 (2nd Cir. 2002).    It is well established that a "material fact" under Rule 56(c) is one that could affect the outcome of the pending matter under the law applicable in the case at bar and a "genuine" issue is one where a reasonable jury could find for the nonmoving party.    <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).    Not every factual dispute will defeat a motion for summary judgment; the dispute must be both "material" and "genuine."    <u>Id.</u> at 247-48.

Furthermore, as is the case here, "summary judgment must be entered against a party who fails to establish the existence of an element essential to [its] case, and on which it will bear the burden of proof at trial."    <u>Larkin v. Town of West Hartford</u>, 891 F.Supp. 719, 723 (D.Conn. 1995), quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).    In addition, Rule 56 applies to cases where intent and state of mind are material facts that must be proven.    <u>Chambers v. TRM Copy Center Corp.</u>, 43 F.3d 29, 40 (2nd Cir. 1994); <u>Meiri v. Dacon</u>, 759 F.2d 989, 998 (2nd Cir. 1985).

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

The application of these standards to the facts of this case requires the entry of summary judgment for the defendants on each count of the Complaint.

## IV.    LEGAL ARGUMENTS

### A.    THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON MANY OF THE ALLEGATIONS IN THE COMPLAINT FOR THE REASONS EXPRESSED IN THE COURTS RULING ON THE MOTION TO DISMISS FILED BY CCSU AND LISA MARIE BIGELOW.

Earlier in these proceedings, the court granted in large part the motion of the defendants CCSU and Lisa Marie Bigelow to dismiss many of the claims made in an identical action filed against those defendants.  The plaintiff amended her complaint in that action to eliminate the claims against CCSU and to proceed on only some of the original claims against Lisa Marie Bigelow, in her individual capacity. Despite the fact that claims against CREC and Dr. O'Donnell were flawed for the same reasons, the plaintiff has made no attempt to eliminate these claims from this action.  As discussed below, the defendants CCSU and Dr. O'Donnell in his individual and official capacity are entitled to the entry of summary judgment on these claims for the reasons expressed in the court's ruling granting dismissal of the same claims against the CCSU defendants.

### 1.  CREC and Dr. O'Donnell in his Official Capacity have Immunity from the Claims made in this action.

The Capitol Region Education Council is a regional educational service center established pursuant to Conn. Gen. Stats. Section 10-66a *et seq.*  Section 10-66c defines a

6

regional educational service center as a "body corporate and politic" and provides further that the "board of a regional educational service center shall be a public educational authority acting on behalf of the State of Connecticut." Moreover, the particular program that the plaintiff participated in was funded by the State Department of Education and implemented by another state agency, Central Connecticut State University UF-6. Hence, as an agent of the State CREC is entitled to the same immunity as the State. See Tobi Ann Brown v. Area Cooperative Educational Services, Ruling on Motion to Dismiss, Eginton, J., Civil action No. 3:02 CV 1218(WWS) (February 21, 2003) (Decision attached as exhibit A).

This court has addressed the claims made by Sakkara Bogle-Assegai against Central Connecticut State University and determined that CCSU, as an agency of the State was immune from the suit on the claims raised in this action. This same analysis, as discussed briefly below, requires summary judgment for CREC on all claims made against it. Ruling on Defendant's Motion to Dismiss (Dkt. No. 8) Civil Action No. 3-01-23656(JCH). In addition, for the same reason, Dr. Mark O'Donnell is entitled to the entry of summary judgment in his favor on all claims against him in his official capacity.

2.   The defendants are entitled to summary judgment on the First Count.

As this Court has previously held when addressing claims raised by Sakkara Bogle-Assegai against CCSU and Lisa Marie Bigelow in her official capacity as an employee of CCSU, the plaintiff cannot maintain a first amendment claim under 42 U.S.C. §1983 against

7

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

a state agency such as CREC. In addition, the plaintiff cannot maintain a claim against

governmental officials, such as Dr. O'Donnell, acting in their official capacity without

showing that the entity's " policy or custom played a part in the violation of federal law."

Id. at 7 quoting Hafer v Melo, 502 U.S. 21, 25 (1991). The plaintiff has not alleged any

such policy or custom in her complaint or during discovery. Hence for the reasons set forth

in the CCSU decision, CREC and Dr. O'Donnell in his official capacity are entitled to

summary judgment in their favor on the first amendment retaliation claim made in the First

Count.

     3. <u>The defendants are entitled to summary judgment on the second count.</u>

     With regard to Count Two of the Complaint, which is solely against Mark O'Donnell,

the plaintiff relies in part on Title VII, 42 U.S.C. § 2000e. Dr. O'Donnell is entitled to

summary judgment on these claims because he was not an "employee" of the plaintiff. <u>Id.</u> at

8.

     4. <u>The defendants are entitled to summary judgment on the third count.</u>

     With regard to Count Three of the Complaint, this Court has previously held that the

allegations contained in the Complaint are insufficient to state a claim for conspiracy under

42 U.S.C. §1983. <u>Id.</u> at 9. The plaintiff accepted this ruling and has not attempted to pursue

this claim against Lisa Marie Bigelow. However, the plaintiff has made no effort to amend

or withdraw this claim. The plaintiff has produced absolutely no evidence during discovery

8

that would support a finding of any agreement between CREC and Dr. O'Donnell to act in concert with CCSU or any of its employees to intentionally inflict and unconstitutional injury. Hence, for the reasons expressed by this court in its earlier decision, the defendants are entitled to summary judgment in their favor on this Count of the Complaint. Id. at 9-10.

     5.  The defendants are entitled to summary judgment on the fourth count.

The defendants are entitled to summary judgment in their favor on all claims made in Count Four except the claim against Dr. O'Donnell in his individual capacity for the reasons expressed in this court's ruling on the motion to dismiss in the CCSU case. Id. at 10-14. The remaining claim against Dr. O'Donnell in his individual capacity will be addressed further below.

     6.  The Defendants Are Entitled to Summary Judgment On the Fifth Count.

With regard to the claim for intentional infliction of emotional distress against CREC and Dr. O'Donnell in his official capacity such claims are barred by Eleventh Amendment immunity. Id. at 14-15. Hence, the defendants are entitled to summary judgment in their favor on these claims as well. The claim against Dr. O'Donnell in his individual capacity is discussed further below.

**B.  THE PLAINTIFF CANNOT MEET EACH AND EVERY ELEMENT NECESSARY TO PREVAIL ON HER FOUR CLAIMS FOR RELIEF.**

Only four claims for relief remain after the court applies the analysis contained in its earlier decision. These same claims are brought against Lisa Marie Bigelow. Indeed, the

9

claims against Dr. O'Donnell are derivative in that he is accused merely of supporting

CCSU's recommendation based on the facts as reported by CCSU to exercise its discretion to

dismiss the plaintiff from the program if she did not indicate that she would modify her

behavior for the remainder of the program and then declining to intervene to seek to overturn

that decision after it had been made and implemented.  The allegations and proof offered by

the plaintiff in support of these claims against Dr. O'Donnell are insufficient for the same

reasons the allegations and proof offered by the plaintiff in support of the claims against Lisa

Marie Bigelow are insufficient.  For this reason, Dr. O'Donnell adopts and relies on the legal

and factual argument and supporting documentation submitted by Lisa Marie Bigelow in

support of her motion for summary judgment.  Therefore, Dr. O'Donnell will only briefly

comment on each of the remaining claims in this memorandum.[2]

---

[2] In the event that this court does not find that CREC has immunity from the claims raised in this litigation as a state agency, it wants to point out that it still in entitled to summary judgment on the merits based on its status as a public entity.  The plaintiff seeks to impose respondeat superior liability on CREC for the decisions of one of its employees, Dr. O'Donnell.  The plaintiff has not even alleged let alone produced evidence sufficient to support this type of claim. A municipality or similar public entity may not be held liable under Section 1983 for the acts of its employees that violate the civil rights of another under a theory of respondent superior liability.  Ivimey v. Watertown, 30 Conn. App. 742, 751, cert. denied, 226 Conn. 902 (1993), citing, Monell v. City of New York Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018 (1978).  Rather, to successfully bring a cause of action against a municipality under Section 1983, the plaintiff must allege and demonstrate that the alleged federal or constitutional violation was authorized under the government agencies policy or custom. Id.  The plaintiff has not made any such claim in this case.

10

### 1.   THE PLAINTIFF'S CLASSROOM CONDUCT WAS NOT AN EXERCISE OF PROTECTED FREE SPEECH.

To maintain a claim in retaliation for an alleged First Amendment activity, a plaintiff must pass a three-prong test.  They are (1) the speech in question was constitutionally protected by the First Amendment, (2) an adverse decision about the plaintiff was made by the defendant, and (3) a causal connection exists between the speech in question and the adverse action, so that it can be said that the speech in question was a motivating factor in the determination.  Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn, 280 F.3d 98, 107-08 (2d Cir. 2001); Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999); Blum v. Schlegel, 18 F.3d 1005, 1010 (2d Cir. 1994).  See also: Kerman v. City of New York, 261 F.3d 229 (2d Cir. 2001).  In addition to the reasons set forth in the memorandum of Lisa Marie Bigelow, the plaintiff cannot prove her claim against Dr. O'Donnell because she has come forward with no proof that he knew of her alleged exercise of free speech and made a decision to dismiss her from the program for exercising her right to free speech.  The decision to dismiss Sakkara unless she agreed to modify her classroom behavior so as not to disrupt the scheduled instruction was made at a Thursday lunch meeting. UF 39; UF60 to UF 63.  There is no evidence that any complaints by Sakkara about the program generally or discrimination specifically were discussed at this meeting.  In addition, Sakkara has not claimed that she informed Dr. O'Donnell of her discrimination complaints before this

11

meeting. Hence, she cannot establish that Dr. O'Donnell took any action at that meeting with the intent to punish her for the exercise of protected first amendment speech.

## 2.    THE DEFENDANT DID NOT DEPRIVE THE PLAINTIFF OF ANY PROTECTED INTEREST WITHOUT DUE PROCESS

Again, the defendant Mark O'Donnell agrees with Lisa Marie Bigelow that the plaintiff has not established any violation of her due process rights. Moreover, the plaintiff has failed to establish that Dr. O'Donnell is in any way responsible for any alleged deprivation. The plaintiff first alleges that she was entitled to a more substantial opportunity to be heard before she could be dismissed from the program. None of the counsel in this case has found any case that would support a finding that such due process is required before dismissing a student from a free, non-mandatory 19 day summer program. Moreover, it is absurd for the plaintiff to claim that she was denied a hearing. Her own testimony makes clear that her parents simply refused the opportunity given to them in her presence to discuss this issue. This conduct left CCSU with no option but to exercise its discretion to make a disciplinary decision based on the information that it had, which was unrebutted by any statements made by Sakkara or her family. Indeed, Sakkara cannot dispute that complaints about her disruptive classroom behavior were made. However, she tries to now dispute that such complaints were true. She should not be permitted to do so at this late date having waived her opportunity to be heard on this issue in a timely manner.

12

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

It is in this context that the court must review the claims against Dr. O'Donnell. Dr. O'Donnell attended a meeting where a decision was made to give Lisa Marie Bigelow the discretionary authority to expel three students after a meeting with them and their parents unless Lisa Marie Bigelow was satisfied that the students would follow the program rules if they were permitted to remain. This could have happened in two ways. First the students could admit the misconduct and agree to modify their behavior. Second, the students possibly could establish some misunderstanding or other error. Either way a student would be permitted to return if Ms. Bigelow had a basis for concluding that the student would conform his or her future behavior to the program standards. Sakkara's family did not take advantage of this opportunity. Dr. O'Donnell's refusal in these circumstances to take action to seek reinstatement of Sakkara into a program that was about to end cannot form the basis for a due process claim based on lack of a pre-disciplinary hearing.

3.    **THE COURT SHOULD DECLINE TO ENTERTAIN THE REMAINING STATE LAW CLAIMS**

Pursuant to 28 U.S.C. §1367(c), when a District Court has dismissed all claim over which it had original jurisdiction, that Court may decline to exercise supplemental jurisdiction over state law claims under the pendent jurisdiction doctrine. Carneigie-Mellon Univ. v. Cohill, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Under the doctrine, the Court should consider declining continuing jurisdiction based on such factors as judicial economy, convenience, fairness and comity. Id., 484 U.S. at 350 (n.7) *citing* In re Merrill

13

Lynch Ltd. Partnerships, Litig., 154 F.3 56, 61 (1998).   *See* Ricco v. City of West Haven, 196 F.Supp.2d 181, (D.Conn. 2002); Ortiz v. Prudential Ins. Co., 94 F.Supp. 225, 241 (D.Conn. 2000).

In particular, where state issues substantially dominate the remaining state claims, those issues should be left to a state tribunal.  Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) citing United Mine Workers v. Gibbs, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1996).  Given that there is no case law reported under §46a-75 of the General Statutes of Connecticut and no case law on the intentional infliction of emotional distress in the context of dismissing a student from a short term summer program, it would be well within the discretion of the Court to decline to take pendent jurisdiction over those claims and leave those issues to be addressed by a state tribunal.[3]

**4.    THE DEFENDANT WAS MOTIVATED BY LEGITIMATE REASONS RELATED TO THE BASIC MISSION OF THE EDUCATIONAL PROGRAM**

As to the Third Claim for Relief, the plaintiff plead that the defendant deprived her of a state statutory right to educational experience in retaliation for when she (Sakkara) "opposed the discriminatory treatment and the racial animus she experienced and witnessed in the four days she attended the program."  She claims the defendant violated §46a-75 of the General Statutes of Connecticut without due process.  Further, she pleads that the defendant

---

[3]    This course of action would also be consistent with the Release of Jurisdiction issued by CHRO that authorized that the plaintiff sue in the Superior Court of Connecticut.  **UF-144**

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

failed to meet the statutory standard of §46a-75 on how an educational program must be

operated. The defendant again joins in the factual and legal argument set forth on this issue

in the memorandum submitted on behalf of Lisa Marie Bigelow. For the reasons set forth

therein, the plaintiff cannot establish a claim against Dr. O'Donnell in his individual capacity.

5.    **THE DEFENDANT DID NOT CAUSE THE PLAINTIFF TO SUFFER EMOTIONAL DISTRESS OR ENGAGE IN ANY EXTREME OR OUTRAGEOUS CONDUCT.**

The Fourth Claim for Relief sounds in intentional infliction of emotional distress.

This is a state law tort claim with four elements that a plaintiff must prove. The elements

are:

> (1) that the actor intended to inflict emotional distress; or that he knew or
> should have known that the emotional distress was a likely result of [her]
> conduct; (2) that the conduct was extreme and outrageous; (3) that the
> defendant's conduct was the cause of the plaintiff's distress; and (4) that the
> emotional distress sustained by the plaintiff was severe. (Internal quotation
> marks omitted).

DeCorsco v. Watchtower Bible & Tract Society of New York, Inc., 78 Conn. App. 865,

782, 829, A.2d 38 (2003) quoting Campbell v. Plymouth, 74 Conn. App. 67, 77, 811 A.2d

243 (2002). Here the plaintiff cannot establish any of the essential elements of her claim.

The second third and fourth prongs of this test are fully addressed in the memorandum

submitted by Lisa Marie Bigelow and therefore will not be addressed again here. With

regard to the first count, the plaintiff has offered no proof that Dr. O'Donnell acted with any

15

intent to cause her harm. At most, plaintiff is claiming that he failed to act to undo the dismissal decision.  This is insufficient to establish the required intent.

5.    **DR. O'DONNELL HAS QUALIFIED IMMUNITY**

A public official enjoys a right of immunity from suit and liability in number of different circumstances when sued in their individual capacities.  In some cases, as here, it is an "entitlement _not_ to stand trial or face the other burdens of litigation."  Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1988)(emphasis added).  Also, it can be (as it should be here) a bar to personal liability.  Harlow v. Fitzgerald, 457 U.S. 800, 806, 102 S.Ct. 2727, 73 L.Ed.2 396 (1982).   The immunities apply to actions plead under 42 U.S.C. §1983.

Dr. O'Donnell has qualified immunity from the claims made in this case for the reasons expressed in detail in the memorandum submitted by Lisa Marie Bigelow.

Qualified immunity protects a public official who is sued in their individual capacities based on decisions made when a clearly established right is not implicated and when that official is empowered with discretion as to the decision rendered.  Harlow, 457 U.S. at 819. It shields "all but the plainly incompetent or those who knowingly violate the law."  Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1996).  Immunity from suit applies unless the "violation" was so clear that it must have been "apparent" to the officials that they were violating the plaintiff's rights.  Anderson v. Creighton, 483 U.S. 635, 640,

16

107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); <u>Harlow</u>, 457 U.S. at 818. The Court must apply an "objective reasonableness" test as a matter of law. <u>Lennon v. Miller</u>, 66 F.3d 416, 420 (2d Cir. 1995).

The threshold inquiry is whether the plaintiff's plead facts, if true, establish a constitutional or statutory violation. <u>Hope v. Pelzer</u>, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). As discussed above, the plaintiff has not met this obligation.

Even if a court determines that a state actor violated a right held by the plaintiff, the next point of inquiry is whether the legal right in question was clearly established at the time of the allegedly offensive conduct was undertaken. <u>Saucier v. Katz</u>, 533 U.S. 194, 206,121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) on remand <u>Katz v. U.S.</u>, 262 F.3d 897 (2001); *see also*: <u>Robinson v. Solano County</u>, 278 F.3d 1007, 1012-13 (9th Cir. 2002). The plaintiff fails this prong as to both her free speech and due process claims. Neither the right to disrupt classes nor the right to due process beyond that appropriate to a short summer program were clearly established by any stretch of the constitution or any related statutory right.

Qualified immunity is intended to encourage government officials to make difficult decisions without fear of suit. It is particularly appropriate given the facts of this case involving a disciplinary dismissal from a 19-day free summer program. Dr. O'Donnell met with CCSU before the disciplinary meeting took place to ensure that CCSU had a reasonable basis for the disciplinary actions it proposed for three students, including the plaintiff. He

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

acted appropriately in granting CCSU the right to make a dismissal decision based on the

outcome of a meeting with the individual students and their parents.  Further, he acted

appropriately in choosing not to intervene after the decision was made. At this point, he was

aware that the plaintiff had been given an opportunity to be heard and that she denied any

wrongdoing and instead complained that students who had written racist comments on the

walls had not been expelled. Dr. O'Donnell was aware that this matter had been investigated

and that there was no proof that the conduct complained of by the plaintiff had occurred.  In

these circumstances, his decision to rely on the information provided by CREC- that multiple

adults had complained about the plaintiff's classroom conduct- rather than to choose to

believe the plaintiff's version of events cannot form the basis for a constitutional claim that

overrides his qualified immunity.

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

**CONCLUSION**

For all the foregoing reasons, this Court should enter judgment for the defendants Capitol

Region Education Council and Dr. Mark O'Donnell on all counts of the complaint.

DEFENDANTS,
Capitol Region Education Council and Mark
O'Donnell

By _____
       Linda L. Yoder
       Federal Bar No. ct01599
       For Shipman & Goodwin LLP
       One American Row
       Hartford, CT  06103-2819
       Telephone (860) 251-5717
       Facsimile (860) 251-5500
       lyoder@goodwin.com

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | | |
|---|---|---|
| TOBI ANN BROWN, | : | 3:02 v1218 (WWE) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AREA COOPERATIVE EDUCATIONAL | : | |
| SERVICES ("ACES"), | : | |
| Defendant. | : | |

### RULING ON DEFENDANT'S MOTION TO DISMISS

The plaintiff, Tobi Ann Brown, asserts an action pursuant to Title VII, the Americans with Disability Act ("ADA"), Connecticut General Statutes Section 46a-60, and the state common law.

Defendant has filed a motion to dismiss this action pursuant to Federal Rule of Procedure 12(b)(1), arguing that this Court does not have federal subject matter jurisdiction.[1]

### DISCUSSION

A motion to dismiss under FRCP 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore et. al., Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction.

---

[1] Plaintiff has failed to respond to defendant's argument for dismissal of the Title VII claim. Accordingly, the Court considers the Title VII claim to be waived and will grant the motion to dismiss as to that count.

1

Thomson v. Gaskill, 315 U.S. 442, 446 (1942). In considering a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), a court may resolve disputed jurisdictional facts by referring to evidence outside the pleadings. See Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000.

Defendant asserts that plaintiff' ADA claim against ACES fails because the Eleventh Amendment o' the United States Constitution bars her from suing her s ate employer for damages under the ADA. Board of Trustees, University of Alabama v. Garrett, 531 U.S. 356 (2001). Plaintiff only counters that ACES is not a state agency.

As defendant points out, ACES is a regional educational service center established pursuant to Connecticut General Statutes Section 10-66a, et seq. Section 10-66c defines a regional educational service center as "a body corporate and politic," and provides further that the "board of a regional educational service center shall be a public educational authority acting on behalf of the sta e of Connecticut." Accordingly, ACES is an agent of the state and is protected by the shield of Eleventh Amendment immunity. The plaintiff's ADA claim will be dismissed.

Having dismissed all of the federal claims, the Court will decline to exercise supplemental jurisdiction over the remaining

2

state law claims pursuant to 28 U.S.C.     1367(c)(3).

## CONCLUSION

The motion to dismiss [doc. # 7] is GRANTED.  The state law claims are dismissed without prejudice for lack of federal jurisdiction.

The clerk is instructed to close this case.

SO ORDERED.

WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE

Dated at Bridgeport, Connecticut this ___ day of February, 2003.

3