UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAKKARA BOGLE-ASSEGAI | : | CIVIL ACTION NO. |
|     *PLAINTIFF*, | : | 3:01CV2366 (EBB) |
| | : | |
|     v. | : | |
| | : | |
| LISA MARIE BIGELOW, *In Her Individual Capacity,* | : | |
|     *DEFENDANT*. | : | |

and

| | | |
|---|---|---|
| SAKKARA BOGLE-ASSEGAI | : | CIVIL ACTION NO. |
|     *PLAINTIFF*, | : | 3:01CV2367 (EBB) |
| | : | |
|     v. | : | |
| | : | |
| MARK O'DONNELL, *In HIS Individual Capacity,* | : | |
|     *DEFENDANT*. | : | February 27, 2004 |

**DEFENDANT BIGELOW'S OBJECTION**
**TO MOTION TO EXTENSION OF TIME**

Defendant Lisa Marie Bigelow, *in her individual capacity,* hereby objects to the Plaintiff's Motion to Extend the Time for Plaintiff to File the Correct Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, dated February 25, 2004 [Dkt. No. --]. Defendant Lisa Marie Bigelow urges the Court, the Honorable Ellen Bree Burns, United States District Judge, to deny this motion and enter an order directing the Clerk of the Court, in accordance with Plaintiff's Motion for Leave to File Memorandum in Opposition to Motion for Summer Judgment, dated February 17, 2004 [Dkt. No. 78], to docket (a) the Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment [Dkt. --] and (b) her Local Rule 56(a)2 Statement [Dkt. --], both of which were timely filed in accordance with the order of the Honorable Janet C. Hall, United States District Judge, extending the filing date

to February 15, 2004, and further ordering that no additional extensions would be granted.[1]  See Dkt. No. 77.  The effect of the pending motion is to ask this Court to vacate the order of Judge Hall without and to do so without justification or an excusable reason.

The Plaintiff's Motion fails to comply with D.Conn. L. R. 7(c) in that it lacks good cause.  The Defendant's Motion for Summary Judgment was filed on October 10, 2003.  The Plaintiff enjoyed several extensions of time and was granted one last extension of time with an order that no additional extension would be granted.  Dkt. 77.  The Plaintiff had ample time to complete the assignment.  The Plaintiff failed to do so.  The pending motion fails to state good cause.  The pending motion was filed after the time for filing had lapsed.

The Plaintiff misrepresents to the Court that motion merely "To File the Correct Memorandum of Law" as if there was something minor to fix.  This is inaccurate.  A comparison of the two filings reveals that the Plaintiff now wants to add an entire new section to her memorandum of law.  In her timely filing, dated February 17, 2004, the memorandum of law ended on page 20 (two lines of text) following the completion of Section E.  The Plaintiff is attempting to add pages two and one quarter pages containing additional section, Section F and cover an issue not briefed in her original filing, i.e., intentional infliction of emotional distress.  In effect, the Plaintiff is attempting to help herself to an extension of time to cover this issue when the issue was plead by her originally and fully briefed by Defendant Bigelow.  The Plaintiff is not merely correcting, she is attempting add additional substance to her memorandum.

---

[1]  February 15, 2004, was a Sunday and February 16, 2004, was a federal holiday.  The next business day was Tuesday, February 17, 2004.  The Plaintiff benefited from two extra days by operation of Court rules.

Further, the Plaintiff misrepresents to the Court that "Defendant's counsel were contacted and have expressed no opposition" to the instant motion. The undersigned disagrees with the Plaintiff's characterization. The first that the undersigned learned about the Motion for to Exten[d] the Time" was upon receipt on this day. The undersigned last point of contact with Plaintiff's counsel was early morning on February 25, 2004, and no discussion entailed about a motion for extension of time or even a subsequent filing by the Plaintiff.

Therefore, the Court should <u>deny</u> the Plaintiff's Motion to Extend Time (the above captioned motion) and, as concurrently filed with this objection, <u>grant</u> the Plaintiff's Motion for Leave to File Memorandum in Opposition to Motion for Summer Judgment, dated February 17, 2004 [Dkt. No. 78] which is currently pending.

So filed, this 27th day of February, 2004.

**DEFENDANT**

LISA MARIE BIGELOW,
*In Her Individual Capacity*

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:      /S/
_____
Nyle K. Davey
Assistant Attorney General
Federal Bar No. ct07736
55 Elm Street (Annex 3rd Floor)
P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5160
Fax: (860) 808-5384
E-mail: nyle.davey@po.state.ct.us

3

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendant Bigelow's Objection to the Plaintiff's Motion to Extend the Time was mailed this 27th day of February, 2004, mail, postage prepaid, to counsel for the plaintiff:

    Cynthia R. Jennings
    Barrister Law Group, LLC
    211 State Street, 2nd Floor
    Bridgeport, CT 06604

A copy was mailed to counsel for CREC and O'Donnell:

    Linda Yoder
    Shipman & Goodwin, LLP
    One American Row
    Hartford, CT 06103-2819

In addition, a courtesy copy was hand delivered this day to the Chambers of:

    The Honorable Ellen Bree Burns
    United States District Judge
    United States District Court
    141 Church Street
    New Haven, CT 066510

                                              ____/S/_____
                                              Nyle K. Davey
                                              Commissioner of Superior Court