UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAKKARA BOGLE-ASSEGAI<br>    *PLAINTIFF,*<br><br>v.<br><br>LISA MARIE BIGELOW, *In Her Individual Capacity,*<br>    *DEFENDANT.*<br><br>SAKKARA BOGLE-ASSEGAI BY NEXT<br>FRIEND FEMI BOGLE ASSEGAI<br><br>    Plaintiff,<br>v.<br><br>CAPITOL REGION EDUCATION<br>COUNCIL AND MARK D. O'DONNELL<br>IN HIS INDIVIDUAL AND OFFICIAL<br>CAPACITY<br><br>    Defendants. | CIVIL ACTION NO.<br>3:01CV2366 (EBB)<br><br><br><br><br><br><br>CIVIL ACTION NO.<br>3:01CV 2367 (EBB)<br><br><br><br><br><br><br><br>March 18, 2004 |

REPLY MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The defendants Capitol Region Education Council and Mark O'Donnell submit this reply memorandum in support of their motion for summary judgment on all counts of the Amended Complaint dated February 13, 2002 ("Complaint").

The plaintiff's submission in response to the motion for summary judgment fails to establish that she has sufficiently stated a federal claim for relief arising out of her dismissal from a free 19 day summer program for high school students that requires resolution by a jury. First, the plaintiff fails to meet her burden as set forth in Fed. R. Civ. P. 56(a)(3) to file an appropriate, supported opposition to the defendants' statement of undisputed facts. Hence, all of the facts as stated by the defendants must be accepted as uncontroverted for purposes of this summary judgment motion.

In addition, the material submitted by the plaintiff does not support the claims that she is making in her brief. Most significantly, without any support in the record, the plaintiff misstates the timing of the meeting that was held to discuss the dismissal of several students, including Sakkara, due to disruptive behavior. On page 5 of plaintiff's brief, the plaintiff alleges that this meeting was held on Thursday afternoon when uncontoverted evidence in the record establishes that it was held at lunchtime on Thursday, prior to any alleged exercise of the plaintiff's free speech as it related to the poster incident. Clearly then, the plaintiff cannot establish a causal link between her allegedly protected speech and the decision to terminate her from the program if she did not modify her inappropriate

- 2 -

behavior. The plaintiff tries to cover up this fatal flaw in her entire case by citing to Exhibit W, which does not address this point.

It is equally disconcerting that despite evidence that the poster did not contain the racially derogatory remarks claimed by the plaintiff, the plaintiff continues to republish these statements in a manner that is intended to lead the court to believe that the poster said something that it did not say. Although it is possible that for some short period of time the plaintiff believed the rumor about a poster containing racist remarks, it is clear that she was provided with accurate information while she was still involved in the program. She has continued to ignore the correct information because it is not as inflammatory as the "rumor" that she insists on repeating. An examination of the entire record makes clear that just as there is no substance to the claim that the defendants tolerated a racist poster, there is no substance to the plaintiff's claim that she was dismissed from the program because she objected to the fact that some students were not expelled.

Finally, the evidence demonstrates that the plaintiff and her family were given an opportunity to be heard before she was dismissed and that the other students who were given the same opportunity were allowed to remain. On these facts it becomes clear that the plaintiff was dismissed because she refused to agree to follow the rules of appropriate

classroom behavior and not because of her race, her alleged exercise of free speech rights or for any lack of due process.

## CONCLUSION

For all the foregoing reasons, this Court should enter judgment for the defendants Capitol Region Education Council and Dr. Mark O'Donnell on all counts of the Complaint.

                DEFENDANTS,
                Capitol Region Education Council and Mark O'Donnell

                By_____
                    Linda L. Yoder
                    Federal Bar No. ct01599
                    For Shipman & Goodwin LLP
                    One American Row
                    Hartford, CT  06103-2819
                    Telephone (860) 251-5717
                     Facsimile (860) 251-5500
                    lyoder@goodwin.com

**SHIPMAN & GOODWIN® LLP • *COUNSELORS AT LAW***
ONE AMERICAN ROW • HARTFORD, CONNECTICUT  06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## CERTIFICATION OF SERVICE

I hereby certify that the foregoing Defendants' Memorandum Of Law In Support Of Motion For Summary Judgment was mailed via U.S. Mail, this 18th day of March, 2004 to:

Cynthia Jennings
Counsel for the Plaintiff
211 State Street
2nd Floor
Bridgeport, CT 06604

And to

Attorney Nyle Davey
Office of the Attorney General
State of Connecticut
55 Elm Street, Annex 4th Floor
P. O. Box 120
Hartford, CT 06141

In addition, a courtesy copy was hand delivered this day to the Chambers of:

>The Honorable Ellen Bree Burns
>United States District Judge
>United States District Court
>141 Church Street
>New Haven, CT 06510

By_____
Linda L. Yoder

367453 v.01

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385