

Capitol Region Education Council    > HOME    > SITE MAP

welcome | about | news | divisions | training | jobs | links

*About CREC*

about
**purpose**
directions
administration
facts
members
edu-links
human resources

CREC Programs A-Z

The primary purpose of the Council is to encourage and develop cooperative educational programs which improve the quality of public education. CREC enables school systems to work together to meet shared educational needs. Because it is a cooperative organization, CREC has resources and expertise needed to produce innovative and effective educational programs and services.



Moreover, CREC serves as an educational forum: a nonpartisan place where educational issues can be discussed. CREC tries to turn educational ideas and needs into opportunities and programs.

## GOAL
CREC staff and programs shall work with local school systems to meet their needs and the needs of students.

## VISION
Every student can and shall learn at high levels and therefore must have access to all educational resources of the region through the system of public schools served by CREC.

## MISSION
To work with boards of education of the capitol region to improve the quality of public education for all learners. In order to achieve its mission CREC will:

• Promote cooperation and collaboration with local school districts and other organizations committed to the improved quality of public education;
• Provide cost effective services to member districts and other clients;
• Listen and respond to client needs for the improved quality of public education and;
• Provide leadership in the region through the quality of its services and its ability to identify and share quality services of its member districts and other organizations committed to public education.

For more than three decades, the Capitol Region Education Council, working with and for its member districts, has developed a wide array of programs and services to meet the educational needs of children and adults in the Capitol Region.

welcome | about | news | divisions | training | jobs | links | Search . . . ▼

**crec**
*Capitol Region Education Council*
111 Charter Oak Avenue / Hartford, CT 06106 / 860 247-2732 Fax 860 246-3304 / Directions
© Copyright 2000-2004



# crec
*Capitol Region Education Council*

> HOME    > SITE MAP

welcome | about | news | divisions | training | jobs | links

*About CREC*

- about
- purpose
- directions
- administration
- **facts**
- members
- edu-links
- human resources

CREC Programs A-Z

In 1966, Capitol Region Education Council (CREC) began as a grassroots organization of local school districts working together to solve common problems. Today, CREC administers over 115 programs and services for the districts of the Capitol Region.

CREC is geographically and programmatically diverse. Thirty-five school districts, including Hartford and its surrounding communities, are members of the Council. Member districts support CREC through the purchase of its services. CREC is eligible to apply for State and Federal grants and receives some basic support from the State of Connecticut.

CREC is governed by publicly elected board of education members who are appointed by each school district within the Capitol Region. One representative from each of CREC's school boards forms a Council with policy-making responsibilities.

CREC also has a 10-person Board of Directors elected by the Council. Membership on the Board of Directors includes representation of small, medium, and large districts. The Board meets monthly as part of the Council with an announced agenda including policy, programmatic, personnel, and fiscal items. The control of the Capitol Region Education Council rests squarely at the local level.

CREC's Executive Director Dr. Bruce Douglas has served with CREC as Assistant Executive Director since July 1998. Previously, Mr. Douglas held a position in the Suffield School System since 1989 and prior to that, he worked in the Bloomfield School System.

| | |
|---|---|
| Student population of region served: | Approximately 150,000 |
| Number of CREC Programs and Services: | 150+ |
| Program/Facility Locations: | 13 Towns / 21 Locations |
| Budget: | Approximately $90 million |
| Revenue: | 63% Local, 35% State / Federal, 2% Private Funds |
| Employees | 850 |

**Revenue Source Pie Chart**

welcome | about | news | divisions | training | jobs | links |

Search . . . ▼

## crec
*Capitol Region Education Council*

111 Charter Oak Avenue / Hartford, CT 06106 / 860 247-2732 Fax 860 246-3304 / <u>Directions</u>
© Copyright 2000-2004

*Only the Westlaw citation is currently available.*

Superior Court of Connecticut, Judicial District of New London.

Robin G. RUSSELL, PPA et al.

v.

James McKENNA et al.

No. 541208.

Feb. 26, 1998.

## OPINION

### MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE (# 105)

HANDY, Judge.

#### I. Factual and Procedural History

On February 6, 1997, the plaintiffs, Robin G. Russell and Ashley E. Russell, bring this negligence action against the defendants Superintendent of Schools, James McKenna (Superintendent), the town of Lebanon (Town), and the Board of Education of the Town of Lebanon (Board). Robin G. Russell is the mother and next friend of the minor plaintiff Ashley E. Russell. The plaintiffs allege negligence against the Superintendent (count I), the Town (count II), and the Board (count III) claiming that on September 17, 1996, Ashley Russell, age 13, was in school at the Lebanon Middle School, during school hours. The school roof had a leak which created wet areas on the gymnasium floor. Containers were placed on the floor to catch the leaking water. While participating in gym class, Ashley slipped and fell on a puddle of water on the gymnasium floor and suffered injuries.

On April 30, 1997, the defendants filed a motion to strike all counts of the complaint. On June 9, 1997, the plaintiffs filed an objection to the defendants' motion to strike and an accompanying memorandum of law. The defendants filed a memorandum in response to the plaintiffs' objection on July 24, 1997. On October 2, 1997, the plaintiffs filed a reply to the defendants' reply. This court heard oral argument on November 3, 1997.

#### II. Motion to Strike, Generally

"The purpose of a motion to strike is to contest ... the legal sufficiency of the allegations of any complaint ... to state a claim upon which relief can be granted." (Internal quotation marks omitted.)

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

EXHIBIT H

to determine whether the [plaintiffs] have stated a legally sufficient cause of action." *Dodd v. Middlesex Mutual Assurance Co.*, 242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." *Faulkner v. United Technologies Corporation, supra*, 240 Conn. 580.

### III. Discussion

The defendants move to strike counts one and three on the grounds that they are barred by the doctrine of sovereign immunity and, alternatively, by governmental immunity. The defendants move to strike count two on the ground that it is barred by the doctrine of governmental immunity. The defendants also move to strike count three on the ground that the plaintiffs cannot bring a private cause of action against the Board and move to strike count two on the ground that the town did not owe the minor plaintiff a duty of care.

#### A. Duty of Care of the Town of Lebanon.

The defendants move to strike count two of the complaint on the ground that any duty to maintain the public schools belongs to the Board and that the Town does not owe a duty of care to the minor plaintiff. The plaintiffs argue that the town's duty to maintain the gymnasium floor arises from General Statutes //10-240 and 10-15.

Count two of the plaintiffs' complaint is not an indemnification claim. Rather, count two is a direct negligence claim alleging that the town was "negligent and careless in the maintenance and control of said gymnasium floor." "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." *RK Constructors, Inc. v. Fusco Corp.*, 231 Conn. 381, 384, 650 A.2d 153 (1994). "The existence of a duty is a question of law." *Id.*, 384, 650 A.2d 153. Although General Statutes /10-240 states that the Board of Education will maintain the public schools for each town, (FN1) /10-220(a) specifically states that the Board "shall have the care, maintenance and operation of buildings, lands, apparatus and other property used for school purposes ..." The duty, therefore, to maintain school property has been delegated to the Board of Education. See *Miller v. City of Stamford*, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 144988 (October 2, 1996, Ryan, J.) (17 Conn. L. R ptr. 667) (holding that the city had no duty to maintain school property since such duty belonged to the Board of Education); *Perrault v. City of Stamford*, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 126984 (March 17, 1993) (holding that the city "has no duties with respect to the operation and maintenance of apparatus on school grounds," since "[s]uch responsibilities are those of the Board of Education."). General Statutes /10-15 concerns the length and scheduling of the school sessions during each school year, and is inapplicable. Since the town had no duty with respect to the maintenance of the gymnasium floor, the motion to strike count two of the complaint is granted.

#### B. Whether /52-557n permits a private cause of action against the Board.

The defendants move to strike count three on the ground that General Statutes /52-557n does not permit a private cause of action for negligence against the Board. The plaintiffs argue that /52-557n permits this action.

"A board of education can be held liable for negligence pursuant to General Statutes 52-557n(a)(1)(A), which permits a direct action against such a board for the negligence of its employees

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

Education is within the purview of 52-557n(a)(2)(B). It is a political subdivision of the state with respect to education." *Odorczuk v. Tirrell*, Superior Court, judicial district of Litchfield, Docket No. 073697 (September 4, 1997, Pickett, J.T.R.) (citing to *R.A. Civitello Co. v. New Haven*, 6 Conn.App. 212, 218, 504 A.2d 542 (1986)). This court finds that General Statutes /52-557(n) permits a private cause of action against the Board. Accordingly, the defendants' motion to strike count three on this ground is denied.

### C. Sovereign Immunity and Governmental Immunity.

The defendants move to strike counts one and three of the plaintiffs' complaint on the grounds that these causes of action are barred by the doctrine of sovereign immunity, and alternatively, by the doctrine of governmental immunity. The plaintiffs argue that sovereign immunity is not a proper defense since the defendants were acting as municipal agents rather than state agents and that the defendants are not protected by governmental immunity since the minor plaintiff falls under the "foreseeable class of victim" exception to governmental immunity.

The court may consider claims of sovereign immunity on a motion to strike. See *Heigl v. Board of Education*, 218 Conn. 1, 2, 587 A.2d 423 (1991); *Todd M. v. Richard L.*, 44 Conn.Supp. 527, 531, 696 A.2d 1063 (1995). Generally, governmental immunity must be specially pleaded in accordance with Practice Book /164. *Gauvin v. New Haven*, 187 Conn. 180, 184-85, 445 A.2d 1 (1982). However, when "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the [plaintiffs], the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike." *Brown v. Branford*, 12 Conn.App. 106, 111 n. 3, 529 A.2d 743 (1987); see also *Gordon v. Bridgeport Housing Authority*, 208 Conn. 161, 170, 544 A.2d 1185 (1988) (approving the practice of deciding the issue of governmental immunity as a matter of law).

#### i. Sovereign Immunity.

The state is immune from suit unless it consents to be sued. *Lacasse v. Burns*, 214 Conn. 464, 468, 572 A.2d 357 (1990). Through appropriate legislation the General Assembly may "waive the state's sovereign immunity from suit and authorize suits against the state." (Internal quotation marks omitted.) *Id*. "When sovereign immunity has not been waived, the claims commissioner is authorized by statute to hear monetary claims against the state and determine whether the claimant has a cognizable claim." *Krozser v. New Haven*, 212 Conn. 415, 421, 562 A.2d 1080 (1989), cert. denied sub nom., *Krozser v. Connecticut*, 493 U.S. 1036, 110 S.Ct. 757, 107 L.Ed.2d 774 (1990). "The protections offered by the doctrine of sovereign immunity have been extended to agents of the state acting on its behalf." (Internal quotation marks omitted.) *R.A. Civitello Co. v. New Haven, supra*, 6 Conn.App. 218.

#### ii. Governmental Immunity.

"A suit against a municipality is not a suit against a sovereign." *Murphy v. Ives*, 151 Conn. 259, 264, 196 A.2d 596 (1963). "Towns have no sovereign immunity and are capable of suing and being sued ... in an action." (Internal quotation marks omitted.) *Id*. "Municipalities do, in certain circumstances, have a governmental immunity from liability." *Id*. "A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature ... On

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

*Housing Authority, supra,* 208 Conn. 167-68; see also *Burns v. Board of Education,* 228 Conn. 640, 645, 638 A.2d 1 (1994); *C. v. Dunham,* 238 Conn. 653, 672, 680 A.2d 242 (1996).

### iii. Boards of Education and Superintendents.

"A town board of education can be an agent of the state for some purposes and an agent of the municipality for others. A town board of education thus potentially enjoys immunity under two different theories of immunity for acts carried out within its governmental capacity." (Citation omitted.) *Heigl v. Board of Education of New Canaan, supra,* 218 Conn. 3-4. "There is no question but that local boards of education act as agencies of the state when they are fulfilling the statutory duties imposed upon them pursuant to the constitutional mandate of article eight /1 ... Local boards of education are also agents of the municipality that they serve, however." (Citations omitted.) *Cheshire v. McKenney,* 182 Conn. 253, 258, 438 A.2d 88 (1980). "Local boards of education are not agents of the state ... in performing each and every mandated function ... Local boards of education act as agents of the state when fulfilling the statutory duties imposed upon them by the legislature in light of the state constitutional mandate to furnish public education. Local boards of education also are agents of the towns, subject to the law governing municipalities, when acting on behalf of the municipality in its function of mandating control over the public schools within the municipality's limits." (Citation omitted.) *R.A. Civetello Co. v. New Haven, supra,* 6 Conn.App. 218-19.

"In determining whether a local school board is afforded the protections consistent with the doctrine of sovereign immunity, the courts look to whether the suit would operate to control or interfere with the activities of the state ... The maintenance of school Property is not encompassed within the educational activities of the state." (Citations omitted; emphasis added; internal quotation marks omitted.) *Id.,* 218-19. See also *Cahill v. Board of Education,* 187 Conn. 94, 102, 444 A.2d 907 (1982) (holding that sovereign immunity does not protect the board in a contract action between itself and a teacher since such an action would neither control the activities of the state nor subject it to liability); *Lostumbo v. Board of Education,* 36 Conn.Supp. 293, 295-96, 418 A.2d 949 (1980) (holding that the board was not protected by sovereign immunity where plaintiff was allegedly injured from a fall on an icy sidewalk on school property since the board is not an agent of the state where the alleged tortious conduct of the board would have no bearing on the state's activities); *Stultz v. Larosa,* Superior Court, judicial district of Tolland at Rockville, Docket No. 456704 (August 8, 1997, Klaczak, J.) (20 Conn. L. R ptr. 304) (holding that governmental immunity, and not sovereign immunity, was the board's proper defense where plaintiff was allegedly injured during an assault on school property since the board was acting on behalf of the municipality in its function to maintain control over the public schools); *O'Farrell v. Claude Chester Elementary School,* Superior Court, judicial district of New London, Docket No. 526692 (August 16, 1995, Hendel, J.) (holding that sovereign immunity was inapplicable where plaintiff was allegedly injured during recess since, in performing the duties of proper supervision and training, the board acts as an agent of the town, rather than the state); *Rosen v. Reale,* Superior Court, judicial district of New London, Docket No. 527510 (January 13, 1994, Hurley, J.) (holding that sovereign immunity did not shield the board and superintendent from liability where the plaintiff was allegedly injured during an altercation with another student on the playground since the defendants do not act as state agents when furthering their duty to maintain control over the schools); *Crandall v. Groton Board of Education,* Superior Court, judicial district of New London at Norwich, Docket No. 102935 (November 26, 1993, Hendel, J.) (10 Conn. L. R ptr. 430) (holding that the board was protected by sovereign immunity in a negligence action where the plaintiff was allegedly harassed by school bus drivers since

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

Accordingly, this court finds that neither the Board nor the Superintendent are shielded from liability by the doctrine of sovereign immunity. In this negligence action, the plaintiffs allege that the defendants failed to properly maintain and control the gymnasium floor. Maintenance of school property is not done in furtherance of Article eight /1. Rather, the Board and the Superintendent act as municipal agents when acting in furtherance of their duty to maintain and control school property. Accordingly, the defendants' motion to strike counts one and three on the grounds of sovereign immunity is denied.

### iv. "Foreseeable class of victim" exception to Governmental Immunity.

The parties do not dispute that governmental immunity is a proper defense. The defendants argue that governmental immunity bars the plaintiffs' cause of action because the facts, as alleged, do not fall within one of the recognized exceptions to governmental immunity. The plaintiffs argue that the minor plaintiff does fall within the "foreseeable class of victim" exception. The issue before this court is whether one of the recognized exceptions to governmental immunity permit this negligence action.

"The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; ... second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; ... and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted.) *Evons v. Andrews*, 211 Conn. 501, 505, 559 A.2d 1131 (1989).

In *Burns v. Board of Education, supra*, 228 Conn. 640, 638 A.2d 1, the court held that the "identifiable person/imminent harm" exception to governmental immunity permitted a school child to bring an action for negligent maintenance of school grounds against the Board of Education and the Superintendent. In that case the minor plaintiff was allegedly injured, during school hours, when he fell on an icy school courtyard. The court noted that to recover against the Board and the Superintendent, the plaintiffs would need to fall within one of the exceptions to governmental immunity for discretionary acts. The issue before the court was "[w]hether there is a (foreseeable class of victim) exception to the governmental immunity doctrine which would include students allegedly the victims of improper school maintenance." *Id.*, 644, 638 A.2d 1. In referring to the "exception permitting a tort action in circumstances of perceptible imminent harm to an identifiable person," the court stated that it construes that exception "to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." *Id.*, 645-46, 638 A.2d 1. The court noted that "statutory and constitutional mandates demonstrate that school children attending public schools during school hours are intended to be the beneficiaries of certain duties of care." *Id.*, 648, 638 A.2d 1. "Statutes describe the responsibilities of school boards and superintendents to maintain and care for property used for school purposes." (FN4) *Id.* "At least during school hours on school days, when parents are statutorily compelled to relinquish protective custody of their children to a school board and its employees, the superintendent has the duty to protect the pupils in the board's custody from dangers that may reasonably be anticipated." *Id.*, 649, 638 A.2d 1.

In *Burns*, the court stated that since the danger was limited to the duration of the temporary icy condition, and since "the potential for harm from a fall on ice was significant and foreseeable," the plaintiff was "one of a class of foreseeable victims to whom the superintendent owed a duty of protection

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

Case 3:01-cv-02366-EBB    Document 96-3    Filed 02/18/2005    Page 10 of 15

*Burns* is directly applicable to the present case. Ashley Russell was statutorily required to be in school where she was allegedly injured. Thus, the Board and the Superintendent owed her a duty of care from foreseeable harms. The complaint alleges that Ashley slipped and fell in a puddle on the gymnasium floor and that containers had been placed on the gymnasium floor to catch leaking water while the students participated in gym class. Similar to the risk posed by an icy courtyard in *Burns*, Ashley faced a risk that was limited in duration, and was significant and foreseeable. This court finds that the complaint alleges sufficient facts to establish that Ashley was one of a class of foreseeable victims to whom the Board and the Superintendent owed a duty of care in relation to the maintenance and safety of school property. Accordingly, governmental immunity does not shield the Board or the Superintendent from liability. The defendants' motion to strike counts one and three on the ground of governmental immunity is denied.

## IV. Conclusion

Accordingly, the defendants' motion to strike count two is granted since the town did not owe a duty of care, with respect to the maintenance of school property, to the minor plaintiff. The defendants' motion to strike counts one and three, against the Superintendent and the Board, respectively, is denied since the plaintiff's claims are not barred by the doctrine of sovereign immunity and are permitted by the "foreseeable class of victim" exception to governmental immunity.

---

(FN1.) General Statutes /10-240 states, "[e]ach town shall through its board of education maintain the control of all the public school within its limits and for this purpose shall be a school district and shall have all the powers and duties of school districts, except so far as such powers and duties are inconsistent with the provisions of this chapter."

(FN2.) In relevant part, General Statutes /52-557n provides, "Liability of political subdivision and its employees, officers and agents. (a)(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; ..."

(FN3.) General Statutes /52-557n(a)(2)(B) provides, "[e]xcept as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: ... (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."

(FN4.) General Statutes /10-220 provides, in relevant part: "Duties of boards of education. (a) Each local or regional board of education shall maintain good public elementary and secondary schools ... shall have the care, maintenance and operation of buildings, lands, apparatus and other property used for school purposes ..."

General Statutes /10-157 provides, in relevant part: "Superintendents: Relationship to local or regional board of education; verification of certification status; written contract of employment; evaluation of superintendent by board of education. (a) Any local or regional board of education shall provide for the supervision of the schools under its control by a superintendent who shall serve as the chief executive officer of the board. The superintendent shall have executive authority over

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

report of the proceedings of such board and of the condition of the several schools during the school year preceding with plans and suggestions for their improvement ...

Case 01-cv-12266-EBB    Document 96-3    Filed 02/18/2005    Page 12 of 15

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOBI ANN BROWN,<br>    Plaintiff, | : | 3:02cv1218(WWE) |
| | : | |
| v. | : | |
| | : | |
| AREA COOPERATIVE EDUCATIONAL<br>SERVICES ("ACES"),<br>    Defendant. | : | |

FILED
2003 FEB 21  A 11: 17
US DISTRICT COURT
BRIDGEPORT CT

### RULING ON DEFENDANT'S MOTION TO DISMISS

The plaintiff, Tobi Ann Brown, asserts an action pursuant to Title VII, the Americans with Disability Act ("ADA"), Connecticut General Statutes Section 46a-60, and the state common law.

Defendant has filed a motion to dismiss this action pursuant to Federal Rule of Procedure 12(b)(1), arguing that this Court does not have federal subject matter jurisdiction.[1]

### DISCUSSION

A motion to dismiss under FRCP 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it."  2A James W. Moore et. al., Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994).  Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction.

---

[1] Plaintiff has failed to respond to defendant's argument for dismissal of the Title VII claim.  Accordingly, the Court considers the Title VII claim to be waived, and will grant the motion to dismiss as to that count.

1

EXHIBIT I

Thomson v. Gaskill, 315 U.S. 442, 446 (1942). In considering a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), a court may resolve disputed jurisdictional facts by referring to evidence outside the pleadings. See Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

Defendant asserts that plaintiff's ADA claim against ACES fails because the Eleventh Amendment of the United States Constitution bars her from suing her state employer for damages under the ADA. Board of Trustees, University of Alabama v. Garrett, 531 U.S. 356 (2001). Plaintiff only counters that ACES is not a state agency.

As defendant points out, ACES is a regional educational service center established pursuant to Connecticut General Statutes Section 10-66a, et seq.. Section 10-66c defines a regional educational service center as "a body corporate and politic," and provides further that the "board of a regional educational service center shall be a public educational authority acting on behalf of the state of Connecticut." Accordingly, ACES is an agent of the state and is protected by the shield of Eleventh Amendment immunity. The plaintiff's ADA claim will be dismissed.

Having dismissed all of the federal claims, the Court will decline to exercise supplemental jurisdiction over the remaining

2

state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## CONCLUSION

The motion to dismiss [doc. # 7] is GRANTED. The state law claims are dismissed without prejudice for lack of federal jurisdiction.

The clerk is instructed to close this case.

SO ORDERED.

_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE

Dated at Bridgeport, Connecticut this ___ day of February, 2003.

3